# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 16, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| SUSAN WEST, | * | |
| | * | |
| Petitioner, | * | No. 21-1515V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Alison Haskins*, Siri & Glimstad, LLP, Aventura, FL, for petitioner.
*Mary E. Holmes,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON FINAL ATTORNEYS' FEES AND COSTS[1]

On April 14, 2025, Susan West ("petitioner") filed a motion for final attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees ("Fee Mot.") (ECF No. 72).[2] For the reasons discussed below, I hereby **GRANT** petitioner's motions and award $3,214.44 in final attorneys' fees and costs and $69,844.64 in reasonable interim attorneys' fees and costs.

### I.     Procedural History

Petitioner filed her claim in the National Vaccine Injury Compensation[3] program on June 28, 2021, alleging that the influenza ("flu") vaccine she received on October 9, 2019, was the

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] This decision also awards attorneys' fees and costs for petitioner's former counsel, Mr. Andrew D. Downing, who filed a motion for interim attorneys' fees and costs on January 4, 2025.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat.3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

cause-in-fact of her suffering optic neuritis. Petition (ECF No. 1). Petitioner filed medical records to support her claim. *See* Petitioner's Exhibits ("Pet'r Exs.") 1-18.

On October 14, 2022, respondent filed the Rule 4(c) Report recommending against compensation. Respondent's Report ("Resp't Rept.") (ECF No. 33). Petitioner filed an expert report from Dr. Devin Mackay on April 10, 2023. Pet'r Ex. 20. Respondent filed an expert report from Dr. Marc Bouffard on June 23, 2023. Resp't Ex. A (ECF No. 38).

The undersigned held a status conference on September 20, 2023 and recommended that the parties engage in litigative risk settlement negotiations, however, if unable to resolve the case, the parties were ordered to brief the issue of six months of residual symptoms. Scheduling Order (ECF No. 44). After being unable to resolve this matter informally, respondent filed a supplemental expert report on December 15, 2023. Resp't Ex. C (ECF No. 47).

After the parties submitted briefs regarding petitioner's six-months of residual symptoms, I issued a Finding of Fact, concluding that petitioner did suffer six months of residual symptoms of optic neuritis. Finding of Fact (ECF No. 55). The undersigned issued a 15-week order on January 3, 2025. 15-Week Order (ECF No. 61).

Petitioner's former attorney, Mr. Andrew D. Downing, filed a motion for interim attorneys' fees and costs on January 4, 2025. Pet'r Interim Fee Application ("Int. Fee App.") (ECF No. 62). Petitioner is requesting that Mr. Downing be reimbursed for a total of $69,970.14 in attorneys' fees and costs for the work performed on petitioner's case from the time of filing through January 3, 2024. Int. Fee App. at 29. More specifically, petitioner is requesting $62,138.00 in attorneys' fees and $7,832.14 in attorneys' costs. Int. Fee App. at 24. Respondent filed a response to petitioner's interim attorneys' fees motion on January 21, 2025, stating that respondent defers to the special master to exercise his discretion to determine a reasonable award for interim attorneys' fees and costs. Resp't Response at 4.

On January 8, 2025, petitioner filed a consented motion to substitute attorney, and Ms. Alison Haskins entered her appearance on behalf of petitioner. Pet'r Mot. to Substitute Attorney (ECF No. 63). On April 2, 2025, respondent filed a stipulation for compensation and the undersigned entered a Decision on Stipulation the same day, awarding compensation to petitioner. Decision (ECF No. 68).

On April 14, 2025, petitioner filed a motion for final attorneys' fees and costs, requesting $3,214.44 in final attorneys' fees and costs. Fee Mot. at 1. On April 25, 2025, respondent filed a response to petitioner's final attorneys' fees motion, stating "respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case," and requests that the Court exercise its discretion to determine a reasonable award for final attorneys' fees and costs. Resp't Resp. to Fee Mot. at 3-4 (ECF No. 73). Petitioner filed a reply on May 12, 2025, stating that petitioner has met her burden of establishing reasonable fees and costs and reiterated her request for both the interim attorneys' fees and costs and final attorneys' fees and costs. Pet'r Reply at 4-5.

This matter is now ripe for adjudication.

## II. Legal Standard

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

## III. Award of Attorneys' Fees and Costs

### a. Fees and Costs for Mr. Andrew D. Downing

#### 1. Attorneys' Fees for Mr. Andrew D. Downing

Petitioner requests that her attorney, Mr. Andrew Downing, be reimbursed for a total of $62,138.00 in attorneys' fees and $7,832.14 in attorneys' costs, totaling $69,970.14. Pet. Int. App. at 24.

Mr. Downing and his firm Downing, Allison & Jorgenson did a majority of the work on this matter, beginning in 2021. Petitioner requests attorneys' fees based upon the following hourly rates related to work performed by petitioner's counsel's former law firm Van Cott & Talamente, LLC: Mr. Downing--$385.00 for time billed in 2020-2021 and $415 for time billed in 2022; and for Ms. Courtney Jorgenson--$275.00 for time billed in 2020-21 and $325.00 for time billed in 2022; and hourly rates of $135.00 for paralegals for time billed in 2020-22. Pet. In. App. at 27-28. In July 2022, petitioner's counsel formed a new law firm and charged the following hourly rates: Mr. Downing--$445.00 for work in 2022-23 and $485.00 for work charged in 2024; Ms. Ann Allison--$415.00 for work performed in 2022-23 and $435.00 for work performed in 2024; Ms. Courtney Jorgenson--$345.00 for work performed in 2022-23 and $375.00 for work performed in 2024; and hourly rates of $155.00 for paralegals for work performed in 2022-23 and $175.00 for work performed in 2024. *Id.*

3

The hourly rates for petitioner's attorneys for work performed in 2020-2022 while working at Van Cott & Talamente, LLC have been previously awarded and I find no reason to adjust those hourly rates. *See Hatton v. Sec'y of Health & Hum. Servs.,* No. 20-1202V, 2023 WL 4312092, at *2 (Fed. Cl. Spec. Mstr. May 30, 2023) (affirming previously awarded hourly rates for work performed at Van Cott & Talamente, LLC). However, the 2022 requested rates for Mr. Downing, Ms. Jorgenson, and paralegals for work performed at Downing, Allison, & Jorgenson are inconsistent with rate that have been previously awarded for their work, as they reflect a mid-year rate increase over what was being charged at Van Cott & Talamante, LLC. *See Einweck v. Sec'y of Health & Hum. Servs.,* No. 20-559V, 2022 WL 3011016 (Fed. Cl. Spec. Mstr. June 24, 2022); *see also Sewell v. Sec'y of Health & Hum. Servs.,* No. 19-1486V, 2023 WL 5054778 (Fed. Cl. Spec. Mstr. July 12, 2022). Accordingly, I will compensate Mr. Downing and Ms. Jorgenson for their time in 2022 at rates of $415.00 and $325.00, respectively, consistent with other decisions by special masters. This will result in a reduction of $125.50 in attorneys' fees for Downing, Allison & Jorgenson.

### 2. Attorneys' Costs for Mr. Andrew Downing

Like attorneys' fees, petitioners are required to establish the reasonableness of requested litigation costs. *Perreira,* 27 Fed. Cl. 29, 34 (1992). Petitioner is requesting $7,832.14 in litigation costs. Pet. Int. Fee App. at 24. The costs include obtaining medical records, postage, the filing fee, and retaining an expert. A majority of these costs are associated with the work performed by petitioner's expert, Dr. Devin Mackay, a neuro-ophthalmologist, for crafting two expert reports which were critical in resolving this matter. Dr. Mackay charged $500.00 an hour and performed 13.75 hours of work on this matter. Based on my experience and knowledge of this case, I find that costs incurred by Mr. Downing are reasonable and shall be awarded in full.

### b. Attorneys' Fees and Costs for Alison Haskins of Siri & Glimstad, LLP

After the Court entered a 15-week Stipulation Order, petitioner filed a consented motion to substitute attorney and Ms. Alison Haskins entered her appearance in place of Mr. Downing. Pet'r Mot. to Substitute Attorney.

Petitioner is requesting that attorney Ms. Alison Haskins of Siri & Glimstad, be awarded $3,165.00 in final attorneys' fees and $49.44 in attorneys' costs. Fee Mot. at 1. Ms. Alison Haskins is requesting an hourly rate of $525.00 per hour for her work performed in 2025 and that paralegal Ms. Tara Thorn be reimbursed at an hourly rate of $195.00 for work performed in 2025. Fee Mot. Ex. 36 at 1. Ms. Haskins has been awarded the requested hourly rate by other special masters and it is consistent with the OSM Attorneys Forum Hourly Rate Fee Schedule. *See Gomez v. Sec'y of Health & Hum. Servs.,* No. 24-47V, 2025 WL 1291781 (Fed. Cl. Spec. Mstr. Apr. 7, 2025). Accordingly, there is no need to adjust petitioner's counsel's hourly rate.

The undersigned also reviewed the submitted billing entries for Ms. Haskins and finds that the total number of hours to be reasonable. Entries include familiarizing herself with the case, the client, and respondent's counsel to ensure the case was resolved smoothly.

Accordingly, petitioner's counsel, Ms. Alison Haskins, of Siri & Glimstad, is awarded final attorneys' fees in full.

Additionally, petitioner's final attorneys' costs are reasonable, and shall be awarded in full.

### IV. Conclusion

Based on the above, the undersigned finds that it is reasonable to compensate petitioner, and her attorneys as follows:

#### A. Attorneys' Fees and Costs for Petitioner's Previous Attorney, Mr. Andrew Downing

| | |
|---|---|
| Requested Attorneys' Fees: | $62,138.00 |
| (reduction of attorneys' fees): | (-$125.50) |
| **Total Attorneys' Fees:** | **$62,012.50** |
| | |
| Requested Attorneys' Costs: | $7,832.14 |
| (reduction of attorneys' costs): | ------------ |
| **Total Attorneys' Costs:** | **$7,832.14** |
| | |
| **Total Attorneys' Fees and Costs:** | **$69,844.64** |

#### B. Attorneys' Fees and Costs for Petitioner's Attorney, Ms. Alison Haskins

| | |
|---|---|
| Requested Attorneys' Fees: | $3,165.00 |
| (reduction of attorneys' fees): | --------- |
| **Total Attorneys' Fees:** | **$3,165.00** |
| | |
| Requested Attorneys' Costs: | $49.44 |
| (reduction of attorneys' costs): | ------- |
| **Total Attorneys' Fees and Costs:** | **$3,214.44** |

Accordingly, the undersigned awards the following:

1) **Petitioner is awarded reasonable interim attorneys' fees and costs in the total amount of $69,844.64 to be paid through an ACH deposit to petitioner's previous attorney, Mr. Andrew Downing's IOLTA account for prompt disbursement.**

2) **Petitioner is awarded reasonable final attorneys' fees and costs in the total amount of $3,214.44 to be paid through an ACH deposit to petitioner's attorney, Ms. Alison Haskin's, IOLTA account for prompt disbursement.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with this decision.[4]

      **IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' join filing of notice renouncing the right to seek joint review.